# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00014-FDW

| | |
|---|---|
| MARK ALLEN WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| NORTH CAROLINA PRISONER ) | |
| LEGAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. The Clerk granted the Plaintiff's motion to proceed in forma pauperis March 30, 2019 and waived the initial partial filing fee. [Docs. 2, 6]. As such, Plaintiff proceeds here in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Mark Allen Wells is a North Carolina inmate. The docket in this matter reflects that he is currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina.[1] Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on January 11, 2019, naming North Carolina Prisoner Legal Services ("NCPLS") as the sole Defendant. Citing the First, Fifth, and Fourteenth Amendments, Plaintiff alleges that his due process right and his right to access to the courts have been violated because he is being denied access to a law library and "any help from

---

[1] A search of the N.C.D.P.S. offender search website function shows that Plaintiff is currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. The Plaintiff, therefore, has failed to provide his current address to the Court, which also subjects his Complaint to dismissal.

N.C.P.L.S. even though they were put in place to replace the law library." [Doc. 1 at 4]. Plaintiff states that he has been injured because "he has no way of litigating his" "non-frivolous lawsuit." [Id. at 6]. Plaintiff does not, however, provide any information or details regarding this "non-frivolous lawsuit." [See id.].

For relief, Plaintiff seeks compensatory and punitive damages, declaratory relief, as well as preliminary and permanent injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Court will dismiss this action because Plaintiff fails to state a claim for a due process or any other constitutional violation against Defendant. NCPLS is a non-profit, legal services program that provides limited civil representation to North Carolina inmates. See Smith v. Bounds, 657 F. Supp. 1327, 1328 n.1 (E.D.N.C. 1986), aff'd, 813 F.2d 1299 (4th Cir. 1987). Attorneys with NCPLS are at liberty to use their professional judgment to determine whether to accept representation in a case. The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See High v. Hamden, No. 03-7832 (E.D.N.C. Dec. 2, 2003), aff'd, 88 Fed. Appx. 604 (4th Cir. Feb. 23,

2004); Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 F. App'x 913 (4th Cir. 2005) (unpublished).

Furthermore, to succeed on a denial of access to courts claim, the inmate must "demonstrate that the alleged shortcomings in the [prison] library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). For example, meaningful access to courts is denied when an inmate is not permitted to prepare a petition or complaint. See Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995) (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). Plaintiff's own filings in this Court demonstrate that, notwithstanding the lack of access to a law library and the lack of assistance from NCPLS, Plaintiff was still able to draft and file the Complaint in this case, successfully obtain in forma pauperis status, and move for the appointment of counsel. Thus, Plaintiff has not been denied meaningful access to the courts.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is **DISMISSED** on initial screening for failure to state a claim.

2. The Clerk is directed to terminate this action.

3. The Clerk is also instructed to mail a copy of this Order to Plaintiff at his current place of incarceration at Alexander Correctional Institution in Taylorsville, North Carolina.

Signed: September 30, 2019

Frank D. Whitney
Chief United States District Judge